## No. 7744.

### R. T. BUCKNER vs. J. H. BEAIRD.

Where the lessee of a plantation, who is sued for one half of the rent by one claiming to be the half-owner of the place, excepts, that plaintiff cannot maintain the action separately, because he is a *joint* obligee in the contract of lease, and this fact does not appear on the face of the plaintiff's petition, the defendant must prove the fact; otherwise his exception must be overruled.

Where a debtor has voluntarily paid to one of his joint creditors the latter's share of the debt, he cannot, subsequently, when sued by the other creditor for his share of the debt, set up the indivisibility of the obligation as a ground for compelling the plaintiff to join his co-obligee as a party to the suit.

APPEAL from the Tenth Judicial District Court, parish of Caddo. *Boarman*, J.

*T. T. & A. D. Land* for plaintiff and appellee.

*Hicks & Hicks* for defendant and appellant.

---

T. T. & A. D. Land, for plaintiff and appellee, contended :

That no evidence was introduced to sustain this exception. It was properly overruled. It was one of non-joinder, and came too late, after default. 10 A. 536, 216 ; 11 A. 637, 713 ; 22 A. 291. The act of 1871, p. 19, has repealed C. C. art. 2085, as to joint obligors, and it might be logically concluded that the decisions in regard to the joinder of joint obligees are now inapplicable. But this point it is unnecessary to decide in this case. The exception was dilatory, and should have been pleaded *in limine litis;* and besides, the allegations of the petition, which must be taken for true, do not disclose a suit on a joint obligation, or that any third person has a joint in-

terest in the subject matter of this litigation. Plaintiff may well have leased his undivided half-interest in the plantation to defendant for $1250.

Hicks & Hicks, contra :

First—That Buckner, a joint lessor, cannot maintain the action for his undivided half of the rent, and the exception must, upon the face of the papers, be sustained. See C. C. 2079, 2081, 2083, and 2093 ; also Alling vs. Woodruff, 16 A. 6.

Second—That the exception is not founded on form, but goes to the absolute want of any right in the plaintiff to maintain the action, and may be urged at any stage of the case. C. P. 345, 346 ; 17 La. 236. If the action of Buckner had been for the whole amount of the rent, then perhaps an exception of non-joinder must have been filed *in limine litis.*

Third—That the debt was indivisible without the express consent of each of the parties, and must be so enforced. R. C. C. 2111, 2153, 2083, 2093.

Fourth—That even a payment to one obligee of his half does not dispense with the necessity of his being joined in the suit to enforce payment of the remainder. R. C. C. 2087.

---

The opinion of the court was delivered by

Spencer, J. Plaintiff, alleging that he was during the year 1877 half-owner of the Campo Bello plantation, claims of defendant $1250, being one half of the rent thereof, as agreed upon by a verbal lease with defendant. He prays judgment accordingly.

A judgment by default was entered against defendant on 8th April, 1879. On 12th April, the defendant filed an exception, to the effect that plaintiff could not maintain this suit, for the reason that if he, defendant, is indebted for rent, he is so to one Joseph Henry and plaintiff as joint obligees. This exception was overruled, and defendant filed his answer. Defendant offered no proof in support of his exception. It was not apparent on the face of plaintiff's petition ; for *non constat* that plaintiff did not lease his half of the place by separate contract. Joint owners of real estate are not partners, and they may well lease separately for the same or different sums.

The court properly overruled the exception on this ground, even admitting it to be pleadable after default. It is not necessary, therefore, to discuss the question as to the right of one joint obligee to sue to enforce his virile part of a debt, since on trial of the exception no proof showed that state of facts to exist.

On trial of the merits, it appeared in evidence that R. T. Buckner

and Jos. Henry owned the plantation in common, and that it was leased to defendant for $2500. That Henry had demanded, and the defendant had paid him his half of the rent. In other words, it appears that Beaird had himself undertaken to settle with each creditor the amount of his share in the rent, and had himself divided what he now contends was indivisible. He shows by his own testimony that Henry has now no possible interest in the claim here sought to be enforced. We see no occasion, therefore, for entering into an examination and discussion of that most difficult title of our Code, treating of divisible and indivisible obligations, and of their enforcement. The party who intends to rely upon technicalities should be careful to keep himself within the technical rules he invokes. Defendant admits in his brief that he owes plaintiff the amount sued for, and the judgment below condemned him to pay it. Appellees have asked damages as frivolous appeal. The appeal is only devolutive, and we think the case, therefore, not one requiring such penalty.

The judgment is affirmed with costs.